UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY REYNOLDS, et al.,

        Plaintiffs,                CIVIL ACTION NO. 12-CV-11664

vs.

                                     DISTRICT JUDGE PAUL D. BORMAN

SANDRA BANKS, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Plaintiffs' motion for entry of default under Fed.R.Civ.P. 55(a)(2) against Defendant Banks (docket no. 55) be **DENIED**, and Defendant Banks' motion to set aside entry of default (docket no. 57) be **TERMINATED AS MOOT**.

**II.**    **REPORT:**

    This matter comes before the Court on two motions. The first motion is Plaintiffs' motion for entry of default under Fed.R.Civ.P. 55(a)(2) against Defendant Sandra Banks. (Docket no. 55). The second motion is Defendant Banks' motion to set aside entry of default. (Docket no. 57). No responses have been filed to either motion and the time for responding has expired. The motions have been referred to the undersigned for a report and recommendation. (Docket no. 58). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 8, 2013, this Court entered an order granting Plaintiff Larry Reynold's motion to amend his complaint for the purpose of adding Plaintiff Larry Demps. (Docket no. 50). The order directed Plaintiff to file his third amended complaint by July 26, 2013. Defendants were ordered to file an answer to the third amended complaint or a motion under Federal Rule of Civil Procedure 12 within twenty-one days after receiving service of the amended complaint but no later than August 16, 2013. Plaintiffs filed their third amended complaint on July 8, 2013. (Docket no. 51). At Plaintiffs' request, summons issued for Defendants Willie Ford and Sandra Banks on August 1, 2013 and August 2, 2013, respectively. (Docket nos. 52, 53). On August 9, 2013 Defendant Banks filed an answer to the third amended complaint. (Docket no. 59). Subsequently, Defendant Willie Ford's summons was returned executed, and on August 27, 2013, Defendants Willie Ford and Sandra Banks filed an amended answer to the third amended complaint. (Docket nos. 56, 60).

Plaintiffs filed the instant motion for entry of default against Defendant Banks on August 14, 2013. An affidavit of Plaintiffs' counsel is attached to the motion and states that counsel served a summons and copy of the third amended complaint on Defendant Banks on July 8, 2013 at her home address and by email. (Docket no. 55). Although the motion was filed on the court's docket and was referred to the undersigned for a report and recommendation, it purports to move the Clerk of the Court to enter default against Defendant Banks in accordance with Federal Rule of Civil Procedure 55(a).

Before any default judgment is entered against a defendant, the plaintiff must first request and receive an entry of default from the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a). *Corsetti v. Hackel*, No. 10-12823, 2011 WL 2135184, at *1 (E.D. Mich. May 27, 2011) (citation omitted). Eastern District of Michigan Local Rule 55.1 requires that a request for a clerk's

2

entry of default must be supported by affidavit and provide "(a) [a] statement identifying the specific defendant who is in default[;] (b) [a] statement attesting to the date the summons and complaint were served upon the defendant who is in default[; and] (c) [a] statement indicating the manner of service and the location where the defendant was served." E.D. Mich. LR 55.1. The local rule indicates that the Clerk's Office provides an appropriate form for requesting a clerk's entry of default to help ensure that it receives the information it requires. Once a plaintiff has received a clerk's entry of default, he may file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

Plaintiffs filed their motion for entry of default against Defendant Banks after Defendant Banks filed an answer to the third amended complaint. The answer was untimely if Plaintiffs' counsel served Defendant Banks a summons and copy of the complaint on July 8, 2013 as he contends. However, Defendant Banks' answer was timely filed within twenty-one days of the August 2, 2013 summons. (Docket no. 53). Because Defendant Banks' answer was arguably timely and was filed before Plaintiffs' motion for entry of default was filed, the Court sees no reason to forward Plaintiffs' request to the Clerk of the Court.

The undersigned recommends that Plaintiffs' motion for entry of default against Defendant Banks be denied. Because no default was entered, the undersigned further recommends that Defendant Banks' motion to set aside entry of default be terminated as moot. (Docket no. 57).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 12, 2013                s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Sandra Banks, Willie Ford and Counsel of Record on this date.

Dated: November 12, 2013                s/ Lisa C. Bartlett
                                        Case Manager

4